IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

        Plaintiff,               No. CIV S-09-0763 EFB P

    vs.

F. BRAGA, et al.,

        Defendants.        <u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel.  He commenced this action on

October 24, 2008, in the Amador County Superior Court.  On March 18, 2009, defendants

removed it to this court and requested that the court screen plaintiff's complaint pursuant to 28

U.S.C. § 1915A and grant defendants thirty days from the date of the court's screening order to

file a response to the complaint.   Plaintiff has filed several motions to remand, a motion to

amend the complaint, and a motion to supplement the complaint.

**I.**    **Motions to Remand**

      A defendant may remove to the appropriate federal court "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction . . . ."  28

U.S.C. § 1441(a).  The district courts have original jurisdiction over cases "arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Once the case is

1     removed, the district court has original jurisdiction over the claims arising under federal law, and

2     may exercise supplemental jurisdiction over the accompanying state law claims so long as those

3     claims constitute "other claims that . . . form part of the same case or controversy . . . ." 28

4     U.S.C. § 1367(a). Here, in addition to various state law claims, plaintiff alleges violations of his

5     Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution.

6     Therefore, this court has original jurisdiction over the complaint and removal was proper.

7     Accordingly, plaintiff's contention that this court lacks subject matter over this action has no

8     merit. *See* Dckt. No. 4 at 6; Docket No. 12 at 1-2. Furthermore, plaintiff's assertion that he has

9     been deemed a three-striker under the federal *in forma pauperis* statute, 28 U.S.C. 1915(g), is not

10     an appropriate basis for remand. *See* Dckt. No. 3 at 11-12.

11    **II.**    **Motions to Amend and Supplement the Complaint**

12          On April 16, 2009, plaintiff requested leave to file an "amended civil rights state-court-

13     complaint." Along with his one-page request, plaintiff attached 125 pages of exhibits.

14     Thereafter, on May 26, 2009, plaintiff filed a motion to supplement the complaint in this action,

15     to add the Attorney General of the State of California as a defendant. At this stage of the

16     proceedings, plaintiff may amend his pleading once as a matter of course and does not need

17     leave of court to do so. *See* Fed. R. Civ. P 15(a). His motions are therefore denied as

18     unnecessary. An amended complaint, however, "shall be retyped and filed so that it is complete

19     in itself without reference to the prior or superseded pleading." L. R. 220. Neither of plaintiff's

20     motions include a copy of an amended complaint that is complete in itself without reference to

21     the October 24, 2008 complaint, and therefore, this action proceeds on the original complaint.

22    **III.**    **Screening Pursuant to 28 U.S.C. 1915A**

23          Federal courts must engage in a preliminary screening of cases in which prisoners seek

24     redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

25     § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

26     of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2    relief." *Id.* § 1915A(b).

3          A district court must construe a pro se pleading "liberally" to determine if it states a

4    claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

5    opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While

6    detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

7    action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.

8    1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff

9    must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

10   plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

11         A claim has facial plausibility when the plaintiff pleads factual content that allows
           the court to draw the reasonable inference that the defendant is liable for the
12         misconduct alleged. The plausibility standard is not akin to a "probability
           requirement," but it asks for more than a sheer possibility that a defendant has
13         acted unlawfully. Where a complaint pleads facts that are merely consistent with a
           defendant's liability, it stops short of the line between possibility and plausibility
14         of entitlement to relief.

15   *Id.* (citations and quotation marks omitted). Although legal conclusions can provide the

16   framework of a complaint, they must be supported by factual allegations, and are not entitled to

17   the assumption of truth. *Id.* at 1950.

18         The Civil Rights Act under which this action was filed provides:
           Every person who, under color of [state law] . . . subjects, or causes to be
19         subjected, any citizen of the United States . . . to the deprivation of any rights,
           privileges, or immunities secured by the Constitution . . . shall be liable to the
20         party injured in an action at law, suit in equity, or other proper proceeding for
           redress . . . .

21

22   42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts

23   establish the defendant's personal involvement in the constitutional deprivation or a causal

24   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

25   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

26   (9th Cir. 1978). To state a claim against any individual defendant, the plaintiff must allege facts

                                                    3

1    showing that the individual defendant participated in or directed the alleged violation, or knew of

2    the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

3    Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply

4    conclusions, that show that an individual was personally involved in the deprivation of his civil

5    rights."); *Taylor*, 880 F.2d at 1045.

6         The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds

7    that it states cognizable claims against defendants Braga, Diamond and Campbell.  The

8    complaint does not, however, state a cognizable claim against defendant California Department

9    of Corrections and Rehabilitation (CDCR), nor does it state cognizable Fifth Amendment, Sixth

10   Amendment, or equal protection claims.

11        Plaintiff seeks monetary damages against CDCR on the ground that it failed to properly

12   supervise the other named defendants.  However, state agencies, such as the CDCR, are not

13   "persons" within the meaning of section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S.

14   58, 71 (1989); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).

15   Further, they are entitled to absolute immunity from monetary damages actions under the

16   Eleventh Amendment.  *Quern v. Jordan*, 440 U.S. 332, 337-45 (1979); *see also Aholelei v. Dep't

17   of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for

18   money damages in federal court against a state, its agencies, and state officials acting in their

19   official capacities.").

20        Plaintiff alleges that defendants violated his rights under the Fifth Amendment.  The Due

21   Process Clause of the Fifth Amendment only applies to the federal government.  *Bingue v.

22   Prunchak*, 512 F.3d 1169, 1174 (9th Cir 2008).   The Fourteenth Amendment applies to due

23   process violations by state officials.  *Id.*  Plaintiff has only named California state officials as

24   defendants.  Therefore, plaintiff fails to state any cognizable claims under the Fifth Amendment.

25        Plaintiff claims that his rights under the Sixth Amendment were infringed upon during

26   his prison disciplinary proceedings.  However, the Sixth Amendment pertains to criminal

                                                    4

1    prosecutions and prison disciplinary proceedings are not criminal prosecutions. *Wolff v.*

2    *McDonnell*, 418 U.S. 539, 556 (1974).  In the context of prison disciplinary proceedings,

3    plaintiff's rights are protected by the Due Process Clause of the Fourteenth Amendment. *Id.*;

4    *Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994).  Plaintiff's Sixth Amendment claim is therefore

5    not cognizable.

6           The Equal Protection Clause of the Fourteenth Amendment requires that persons who are

7    similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S.

8    432, 439 (1985).  To state a claim under § 1983 alleging violations of the equal protection

9    clause, plaintiff must allege facts showing that he is a member of a protected class.  *See Harris v.*

10   *McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41

11   (listing suspect classes).  Plaintiff has not alleged that he is a member of a protected class, nor

12   has he plead facts to demonstrate that defendants acted with an intent or purpose to discriminate

13   against him based upon his membership in a protected class.  *See Barren v. Harrington*, 152 F.3d

14   1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).  Plaintiff also fails to allege facts

15   showing that he has been intentionally treated differently from others similarly situated without a

16   rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562,

17   564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

18   Therefore, plaintiff fails to state a cognizable claim for violation of the Equal Protection Clause

19   of the Fourteenth Amendment.

20          If plaintiff elects to attempt to amend his complaint, he may do so.  However, he is not

21   obligated to amend his complaint.  Plaintiff's decision not to file an amended will be construed

22   as consent to dismissal of all claims against defendant CDCR, as well as his Fifth Amendment,

23   Sixth Amendment, and equal protection claims, without prejudice.

24          Any amended complaint must show that the federal court has jurisdiction and that

25   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

26   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby ORDERS that:

1. Plaintiff's motion to amend/supplement the complaint (docket numbers 8, 10) are denied as unnecessary.

2. Claims against defendant CDCR, as well as plaintiff's Fifth Amendment, Sixth Amendment and equal protection claims are dismissed. Plaintiff may file an amended complaint in accordance with the requirements set forth in this order.

3. The remaining allegations in the pleading are sufficient at least to state cognizable claims against defendants Braga, Diamond and Campbell. *See* 28 U.S.C. § 1915A. Defendants shall, within 30 days of the date this order is served, file a response to the complaint as herein narrowed. Should plaintiff choose to file an amended complaint, he must do so no later than 21 days after being served with defendants' response. *See* Fed. R. Civ. P. 15(a)(1)(B).

4. Plaintiff is not obligated to amend his complaint. The court will construe plaintiff's decision not to file an amended complaint as consent to an order dismissing his defective claims against defendant CDCR, as well as his Fifth Amendment, Sixth Amendment, and equal protection claims, without prejudice.

5. The Clerk of the Court shall randomly assign a United States District Judge to this case, and is directed to send the parties copies of the form Consent to Proceed Before a United States Magistrate Judge.

Further, it is hereby RECOMMENDED that plaintiff's requests for remand (docket numbers 3, 4, and 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1    "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

2    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4    Dated:  January 26, 2010.

5

6                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26