IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

        Plaintiff,                        No. CIV S-09-0763 FCD EFB P

    vs.

F. BRAGA, et al.,

        Defendants.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in a civil rights action alleging that he has been deprived of certain federally protected rights. He filed his complaint in state court and the action was removed to this court pursuant to a removal petition filed by defendants on March 18. 2009. On January 27, 2010, the court ordered defendants to file a response to the complaint, and informed plaintiff that he could file an amended complaint no later than 21 days after being served with defendants' response. Dckt. No. 14 at 8. On February 1, 2010, defendant Braga filed a motion to dismiss.[1] Dckt. No. 16. On February 10, 2010, plaintiff filed

////

////

---

[1] It appears that defendant Braga was the only defendant to have been served with process.

1

an amended complaint.[2]  Dckt. No. 19.  On the same day, plaintiff requested an extension of time to file a response to the motion to dismiss, as well as a motion for injunctive relief.[3]  Dckt. No. 20.  Thereafter, plaintiff filed an opposition to defendant's motion to dismiss, and defendant filed a reply.  Dckt. No. 23, 24.

Plaintiff's first amended complaint renders the motion to dismiss moot.  The court will therefore deny as moot plaintiff's February 10, 2010 request for an extension of time to file a response to the motion to dismiss.

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that it states cognizable Fourteenth Amendment due process claims against defendants Braga, Robinson and Campbell.  The amended complaint does not however, state a cognizable claim against defendant Reyes, nor does it state cognizable equal protection, Eight Amendment or Americans with Disabilities Act ("ADA") claims.

Plaintiff seeks to impose liability on defendant Reyes because Reyes, the appeals coordinator at Mule Creek State Prison, denied his administrative appeal.  Plaintiff may not impose liability on a defendant simply he played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

////

////

---

[2] On February 11, 2010, plaintiff requested leave to file an amended complaint.  Dckt. No. 22.  The motion appears to relate to the amended complaint filed on February 10, 2010.  The motion will therefore be denied as moot because plaintiff was free to amend "once as a matter of course," and pursuant to the court's January 27, 2010 order.  Fed. R. Civ. P. 15(a)(1)(B); Dckt. No. 14 at 8.

[3] The motion for injunctive relief will be addressed in due course by findings and recommendations.

For the reasons stated in the court's January 27, 2010 order, plaintiff fails to state a cognizable equal protection claim. Dckt. No. 14 at 5.

Moreover, plaintiff's allegations are insufficient for purposes of an Eighth Amendment claim. To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has not alleged facts showing that any defendant was deliberately indifferent to his basic needs.

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Plaintiff alleges in a conclusory manner that his rights under the ADA have been violated, but his factual allegations are insufficient to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The court will allow plaintiff another opportunity to amend his complaint to attempt to state a cognizable claim against defendants Reyes, and/or based on the Equal Protection Clause of the Fourteenth Amendment, the Eighth Amendment or the ADA. The court notes, however, that any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the earlier filed complaint is superseded. Additionally, by signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has

evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

While detailed factual allegations are not required in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

In a second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

1  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or
2  appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.
3  § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P.
4  20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction
5  requirements are satisfied).

      Accordingly, it is hereby ORDERED that:

      1.  Defendant Braga's February 1, 2010 motion to dismiss is denied as moot.

      2.  Plaintiff's February 10, 2010 request for an extension of time is denied as moot.

      3.  Plaintiff's February 11, 2010 motion to amend is denied as moot.

      4. The allegations in the February 10, 2010 amended complaint are sufficient at least to state cognizable Fourteenth Amendment due process claims against defendants Braga, Robinson and Campbell.  *See* 28 U.S.C. § 1915A.

      5.  Plaintiff's claim against Reyes, as well as his equal protection, Eighth Amendment and ADA claims are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable claim against Reyes, as well as an equal protection, Eighth Amendment and/or ADA claim.  Plaintiff is not obliged to amend his complaint.

      a.    Should plaintiff decide not to file a second amended complaint, the court will construe plaintiff's decision to proceed on the February 10, 2010 amended complaint, as herein narrowed, as consent to an order dismissing his defective claim against Reyes, as well as the equal protection, Eighth Amendment and ADA claims.

      b.    Should plaintiff decide to proceed on the February 10, 2010 amended complaint as herein narrowed, he must promptly serve a copy of his amended complaint on defendants Robinson and Campbell.  Alternatively, plaintiff may request leave to proceed in forma pauperis.  If the court grants plaintiff leave to proceed in forma

5

pauperis, it will direct the United States Marshal to serve defendants Robinson and Campbell pursuant to Rule 4 of the Federal Rules of Civil Procedure, without payment of costs.

 c. In the event plaintiff decides not to file a second amended complaint, defendant Braga is directed to, within 45 days of the date of this order, file a response to plaintiff's February 10, 2010 amended complaint.

6. The Clerk of the court is directed to send to plaintiff a form Application to Proceed In Forma Pauperis by a Prisoner.

DATED: April 29, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE