IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

      Plaintiff,                        No. CIV S-09-0763 FCD EFB P

      vs.

F. BRAGA, et al.,

      Defendants.             ORDER AND
                                        FINDINGS AND RECOMMENDATIONS
_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on his February 10, 2010 amended complaint. Plaintiff has filed an application to proceed in forma pauperis. He has also filed a motion for a preliminary injunction. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Motion to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. Nos. 28, 30. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.     Dismissal of Defective Claims Identified in April 30, 2010 Order

On April 30, 2010, the court screened plaintiff's amended complaint and found that for the limited purposes of 28 U.S.C. § 1915A, it states cognizable Fourteenth Amendment due process claims against defendants Braga, Robinson and Campbell. Dckt. No. 26. The court also found that the amended complaint does not state a cognizable claim against defendant Reyes, nor does it state cognizable equal protection, Eighth Amendment or Americans with Disabilities Act ("ADA") claims. *Id.* The court granted plaintiff leave to amend within 30 days, and noted that it would construe plaintiff's decision not to file an amended complaint as consent to dismissal of his defective claims. The 30 days have passed, and plaintiff has not filed an amended complaint. Therefore, the court construes plaintiff's decision to proceed on the February 10, 2010 amended complaint as consent to dismissal of his claims against Reyes, as well as his equal protection, Eighth Amendment and ADA claims.

## III.    Motion for Preliminary Injunction

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[1]

---

[1] Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

*Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8, 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc.*, at 13 (quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. at 375-76). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to show he is entitled to injunctive relief, as he does not indicate how or why he is likely to succeed on the merits in this action. In the instant request, plaintiff complains generally of harassment and retaliation. Dckt. No. 18. He asks this court to order that the law librarian at the California Substance Abuse Treatment Facility, Ms. V. Hernandez, be removed from Facility D, and that other prison officials, including Melero, Acevedo, Gardner and Knitt, be ordered to stop harassing plaintiff and/or obstructing plaintiff's access to the courts. *Id.* at 3. However, this action proceeds on plaintiff's due process claims against defendants Braga, Robinson and Campbell, all of whom are alleged to be employed by the California Department of Corrections and Rehabilitation at Mule Creek State Prison. Dckt. No. 19 at 2-3; Dckt. No. 26.

Moreover, prison officials at the California Substance Abuse Treatment Facility, where plaintiff is presently located, are not a parties to this lawsuit. The court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

////

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendants Robinson and Campbell.[2]

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and one copy of the February 10, 2010 amended complaint.

5. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed February 10, 2010 amended complaint.

6. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Robinson and Campbell pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's February 10, 2010 motion for a preliminary injunction be denied; and

2. Claims against Reyes, as well as equal protection, Eighth Amendment and ADA claims, be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[2] The record reflects that defendant Braga has already been served. *See* Dckt. No. 16.

4

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: June 24, 2010

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

      Plaintiff,   No. CIV S-09-0763 FCD EFB P

   vs.

F. BRAGA, et al.,

      Defendants.   NOTICE OF SUBMISSION OF DOCUMENTS
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__    completed summons form

    __2__    completed forms USM-285

    __3__    copies of the February 10, 2010 Amended Complaint

Dated:

                              Plaintiff