IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

      Plaintiff,                      No. CIV S-09-0763 FCD EFB P

    vs.

F. BRAGA, et al.,

      Defendants.             <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are: 1) plaintiff's request for an extension of time to serve defendant Robinson; 2) plaintiff's motion to strike and objection; and 3) plaintiff's motion for additional time to conduct discovery. For the reasons stated, plaintiff's motions are denied.

**I. Request for Extension of Time to Serve Defendant Robinson**

      In this motion, plaintiff requests that the court order defendants' counsel to disclose to plaintiff the correct address for service of process on defendant Robinson, and requests an extension of time for service by the United States Marshal to be completed. Dckt. No. 68.

      On October 18, 2010, and again on December 8, 2010, the court directed plaintiff to provide new instructions for service of process upon defendant Robinson, and informed plaintiff that he could seek such information through discovery, the California Public Records Act,

1

1  California Government Code §§ 6250, *et seq*., or any other means available.  Dckt. Nos. 51, 64.
2  The court also informed plaintiff that if his access to the required information was denied or
3  unreasonably delayed, he could seek judicial intervention.  Dckt. No. 51.  In his motion, plaintiff
4  contends that defendants have failed to provide plaintiff with Robinson's address "as requested."
5  However, plaintiff does not indicate whether he properly served defendants Braga or Campbell
6  with a discovery request seeking Robinson's address, or on what grounds defendants objected to
7  such request, if any.  Without this information, the court cannot compel defendants to provide
8  plaintiff with the requested information.  Nor does plaintiff indicate that he sought Robinson's
9  address through any other means.

10  It appears that available avenues for seeking the address of defendant Robinson remain
11  available to plaintiff, and he has therefore not shown that the required information has been
12  denied or unreasonably delayed.  Thus, he has failed to demonstrate that judicial intervention is
13  necessary at this time.

14  **II.  Motion to Strike and Objection**

15  In this motion, plaintiff objects to defense counsel's use of an electronic signature on her
16  responses to plaintiff's discovery requests.  Dckt. No. 69.  Plaintiff also requests that the court
17  strike defendants' notice of lodging discovery responses, filed with the court on December 6,
18  2010.  *Id.*; *see also* Dckt. No. 63.  The motion lacks merit and must be denied.  Plaintiff presents
19  no grounds for objecting to counsel's use of an electronic signature, which is authorized by the
20  local rules of this court.  *See* E.D. Cal. Local Rule 131.  Additionally, defendants appropriately
21  lodged their discovery responses in accordance with the court's December 6, 2010 order.  *See*
22  Dckt. No. 62.

23  **III.  Motion for Additional Time to Conduct Discovery**

24  In this motion, dated December 17, 2010, plaintiff requests leave of court to take
25  depositions by written questions of parties and nonparties.  Plaintiff states that he needs to
26  depose parties who have already been deposed and that he also needs to depose non-parties,

whose names he only recently discovered. *Id.* Plaintiff states further that he cannot afford the cost of a subpoena. *Id.* The deadline for noticing a deposition by written questions pursuant to Rule 31, as established in the scheduling order, was December 3, 2010. Dckt. No. 52 at 4. Requests to modify a deadline established by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure. A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff's motion, construed as one to modify the scheduling order, must be denied because plaintiff makes no showing that he could not meet this deadline despite exercising diligence.

**IV.  Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time to serve defendant Robinson, Docket No. 68, is denied.

2. Plaintiff's motion to strike and objection, Docket No. 69, is denied; and

3. Plaintiff's motion for additional time to conduct discovery, construed as a request to modify the scheduling order, Docket No. 70, is denied.

DATED: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3