IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

        Plaintiff,                    No. CIV S-09-0763 FCD EFB P

      vs.

F. BRAGA, et al.,

        Defendants.            ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* in an action brought under 42 U.S.C. § 1983. On October 22, 2010, plaintiff filed a motion for summary judgment (Docket No. 54), and on December 29, 210, plaintiff filed a motion for disqualification of the undersigned (Docket No. 71). For the reasons stated, plaintiff's motions are denied.

**I.    Motion for Summary Judgment**

On October 11, 2010, defendants Braga and Campbell filed an answer. Dckt. No. 50. On October 18, 2010, the court issued a discovery and scheduling order. Dckt. No. 52. On October 22, 2010, plaintiff filed a motion for summary judgment. Dckt. No. 54. Defendants Braga and Campbell oppose the motion as premature, procedurally deficient, and legally nonmeritorious. Dckt. No. 59.

////

1

The motion is premature and must be denied. Plaintiff filed the motion shortly after the court issued its discovery and scheduling order, which established February 4, 2011 as the deadline for completing discovery. Dckt. No. 52. Defendants have not had the opportunity to conduct any discovery as to the claims and at this early stage in the proceedings they cannot be expected to present facts essential to an opposition. *See* Fed. R. Civ. P. 56(f)); *see also Martinez v. Whitman*, 2010 U.S. Dist. LEXIS 9766, 2010 WL 475347, at *1 (E.D. Cal. Feb. 4, 2010) (citing *Portsmouth Square, Inc., v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("The case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence."); *see also Young v. Nooth*, 2009 U.S. Dist. LEXIS 31232, 2009 WL 995074, at *1 (D. Or. Apr. 13, 2009).

After the parties have had an opportunity to conduct discovery in accordance with the deadlines established by the discovery and scheduling order, plaintiff may file a new motion for summary judgment, or a statement indicating his intent to renew the October 22, 2010 motion for summary judgment.

## II. Motion for Disqualification

Plaintiff moves to disqualify the undersigned from presiding over the instant action. Plaintiff's motion is premised on his contentions that the court is biased against him because it has denied some of his motions, has not addressed some of his other motions, and has allowed defense counsel to notice his deposition for January 14, 2011.[1] Dckt. No. 71.

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28

---

[1] Prior to plaintiff's motion for disqualification, the court was unaware that defendants had noticed plaintiff's deposition. Assuming the court had known, however, it is unclear why this would suggest the court's bias or prejudice against plaintiff. *See* Dckt. No. 52 (providing that discovery must be completed by February 4, 2011).

2

U.S.C. § 455(b)(1).  Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."

Here, plaintiff's arguments for recusal fail to establish any basis, under either § 144 or § 455, for a determination that the court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source).  As plaintiff articulates no legitimate grounds for recusal, his motion is denied.

**III.  Order**

Accordingly, it HEREBY IS ORDERED that:

1. Plaintiff's motion for summary judgment (Docket No. 54) is denied; and

2. Plaintiff's motion for disqualification of the undersigned (Docket No. 71) is denied.

Dated: January 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE