IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

        Plaintiff,                          No. CIV S-09-0763 KJM EFB P

    vs.

F. BRAGA, et al.,

        Defendants.             <u>ORDER</u>

                                   /

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's due process claims against defendants Braga, Campbell, and Robinson. Dckt. No. 26. Pending before the court is (1) plaintiff's motion for sanctions; (2) plaintiff's "reply to counterclaim;" and (3) plaintiff's motion to compel. Dckt. Nos. 53, 55, 78. For the reasons stated below, plaintiff's motions will be denied.

**I.    Plaintiff's Motion for Sanctions**

       Plaintiff requests sanctions on the ground that defendants Braga and Campbell's answer to plaintiff's amended complaint violates Rule 11 of the Federal Rules of Civil Procedure. Dckt. No. 53. Plaintiff argues that defense counsel has presented defenses that have already been decided by the court, or that "contort the truth." *See id.*, ¶ 3.

1

Rule 11 provides for the imposition of monetary sanctions for the signing and filing of a pleading that asserts defenses lacking evidentiary support and/or is not warranted by existing law or a nonfrivolous argument of extending or modifying existing law, and/or is being presented for purposes of harassment.

The court has reviewed defendants' answer, filed October 11, 2010. *See* Dckt. No. 50. The answer does not warrant Rule 11 sanctions, as it does not contain arguments that are frivolous or improper. Plaintiff's request for sanctions lacks merit and will therefore be denied.

**II.     Plaintiff's Reply to Counterclaim**

Plaintiff has also filed a document titled "Reply to Counterclaim," which appears to be a response to defendants' answer (which does not raise a counterclaim). *See* Dckt. Nos. 50, 55. Neither the Federal Rules of Civil Procedure nor this court's local rules authorize such filings. The court will therefore disregard plaintiff's response to defendants' answer. *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings, and providing that a reply to an answer is proper only "if the court orders one").

**III.    Plaintiff's Motion to Compel**

On February 7, 2011, plaintiff filed a motion to compel further responses to his requests for production of documents, interrogatories, and requests for admissions. Dckt. No. 78. A motion to compel is appropriate when a party fails to provide responses to interrogatories submitted under Rule 33, or fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are otherwise deficient.

Plaintiff argues generally that defendants failed to disclose relevant information, provided misleading and false information, and otherwise failed to properly respond to his

discovery requests. Plaintiff claims to have sought relevant discovery and argues that defendants should be sanctioned for their alleged misconduct. However, plaintiff does not identify any particular discovery request to which he seeks to compel a response. While plaintiff describes defendants' objections to one of more of his discovery requests, the court cannot evaluate these objections without also having before it the discovery request to which each objection is directed. Without knowing which responses to plaintiff's discovery requests he seeks to compel and on what grounds, there is no basis on which to grant plaintiff's motion. Accordingly, plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 22, 2010 motion for sanctions, Dckt. No. 53, is denied.

2. Plaintiff's October 22, 2010 "Reply to Counterclaim," Dckt. No. 55, is disregarded.

3. Plaintiff's February 7, 2011 motion to compel, Dckt. No. 78, is denied.

DATED: June 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3