IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

      Plaintiff,                          No. CIV S-09-0763 KJM EFB P

    vs.

F. BRAGA, et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants Braga and Campbell's ("defendants") move to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and dismiss this action. Dckt. No. 81. Plaintiff filed an opposition, a supplemental opposition and two requests for judicial notice; defendants filed a reply. Dckt. Nos. 83, 86, 88, 91, 92. As discussed below, the court finds that defendants have not shown that at least three of plaintiff's previous actions count as "strikes" within the meaning § 1915(g), and therefore recommends that defendants' motion be denied.

////

////

////

1

## I.  Background

This action proceeds against defendants Braga, Campbell, and Robinson on plaintiff's due process claims arising out of alleged disciplinary proceedings relating to a possession of a weapon charge against plaintiff. Dckt. Nos. 19, 26. Plaintiff originally filed this action in state court, on or around November 24, 2008. *See* Dckt. No. 1 (Notice of Removal, Ex. 1). On March 18, 2009, defendant Braga removed the action to this court and paid the $350 filing fee.[1] *See* Dckt. No. 1. Thereafter, plaintiff requested leave to proceed in forma pauperis, which the court granted. Dckt. Nos. 28, 31. Accordingly, the court ordered the United States Marshal to serve the operative complaint on defendants Robinson and Campbell, without prepayment of costs. Dckt. No. 38. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]"); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). The United States Marshal served Campbell, but was unable to locate defendant Robinson based on the information provided by plaintiff. Dckt. No. 45, 49.

## II.  Discussion

Defendants request that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and the allegations in plaintiff's complaint do not show that he is or was in imminent danger of immediate physical injury. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Documents filed by plaintiff in this action show that Braga was served with process on February 18, 2009. *See* Dckt. No. 8 at 41; Dckt. No. 9 at 19; Dckt. No. 10 at 12.

28 U.S.C. § 1915(g).  Pursuant to § 1915(g), a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis.  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes.  *Id.* at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'").  If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g).  *See id.*

In support of their motion, defendants' request that the court take judicial notice of various court records from cases filed by plaintiff.  Dckt. No. 82.  Defendants' request is hereby granted.  *See* Fed. R. Evid.  201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"), (d); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

First, defendants point to a June 30, 2004 order from the United States District Court for the Central District of California, which revoked plaintiff's in forma pauperis status in *Abreu v. Ramirez*, Case No. 02-cv-4093 GAF ("*Ramirez*").  *See* Dckt. No. 82, Ex. B.  In that order, the court found that plaintiff had suffered at least three strikes for purposes of § 1915(g).  *Id.*  These included: (1)  *Abreu v. Ayers*, Case No. 98-cv-3099-THE, 1998 U.S. Dist. LEXIS 13145 (N.D. Cal. Aug 14, 1998) ("*Ayers*"); (2) *Abreu v. Tweed*, Case No. 98-cv-3605-THE, 1998 U.S. Dist. LEXIS 15292 (N.D. Cal. Sept. 28, 1998) ("*Tweed*"); and (3) *Abreu v. Small*, Case No. 02-cv-685-IEG ("*Small*").  *See id.*; Dckt. No. 91, Appx. A.

3

Evidence introduced with defendants' reply brief shows that plaintiff was a prisoner when he initiated each of the above-listed actions, and that the first two actions, *Ayers* and *Tweed*, were dismissed for failure to state a claim. *See* Dckt. No. 91, Appx. A. Therefore, it appears that *Ayers* and *Tweed* should qualify as strikes for purposes of § 1915(g). The same is not true for *Small*, however. In *Small*, the court dismissed plaintiff's complaint for failure to state a claim, granted plaintiff leave to amend and warned plaintiff that if he filed an amended complaint that also failed to state a claim upon which relief may be granted, "it may be dismissed without further leave to amend and may hereafter be counted as a 'strike' under 28 U.S.C. § 1915(g)." *See id.* Thus, as to *Small*, defendants have produced documentary evidence in the form of an order dismissing plaintiff's complaint with leave to amend; they have not shown that the action itself was dismissed for failure to state a claim, or as frivolous or malicious. As the court cannot determine why the *Small* action was ultimately dismissed, the court cannot count it as a strike.

In *Ramirez*, the court also listed another ten actions that plaintiff had initiated, along with the reason why each case was dismissed. *See* Dckt. No. 82, Ex. B. Defendants reproduce that list in their motion. *See* Dckt. No. 81 at 6-7. Without providing any of the underlying court orders, and without providing any argument as to why any of the ten cases should count as strikes, defendants urge the court to find that plaintiff "has accumulated a sufficient number of 'strikes' . . . ." *Id.* at 7. However, defendants provide no basis from which the court could conclude that any of the ten cases qualify as strikes within the meaning of § 1915(g). Based on the list, it appears that none of the ten cases were dismissed as frivolous, malicious, or for failure to state a claim.[2] *See id.* at 6-7 (listing reasons for dismissal as failure to pay filing fee, failure to

---

[2] The court notes that one of the ten cases, *Abreu v. Small*, Case No. 99-cv-2573 (S.D. Cal.), was dismissed in part for failure to state a claim upon which relief could be granted. *See* Dckt. No. 81, at 6 (listing *Abreu v. Small*, CV-99-2573 (S.D. Cal.)); *see also* Dckt. No. 82, Ex. B at 2, n.1 (indicating that *Abreu v. Small* was a habeas action). The court need not discuss this action further, as a dismissed habeas petition generally does not count as a strike. *See Andrews*, 398 F.3d at 1122 (noting that a court may count dismissal of a habeas petition as a strike if the

4

exhaust administrative remedies, voluntary dismissal, "reason . . . unknown," failure to prosecute, lack of jurisdiction, and failure to exhaust state court remedies).

Next, defendants list seven additional actions initiated by plaintiff that they contend qualify as strikes. Dckt. No. 81 at 7-8. However, defendants have not shown that any of these actions count as strikes. The first three actions listed by defendants were dismissed for failure to obey a court order. Dckt. No. 81 at 7; Dckt. No. 82, Exs. C, D, E. The fourth action was a petition for mandamus relief that the appellate court dismissed for unknown reasons not discernable from the record before this court. Dckt. No. 81 at 7; Dckt. No. 82, Ex. F. The fifth action was a habeas proceeding, *see supra* p.4, n.2, and the sixth and seventh actions were not dismissed until after defendant Braga removed this action from state court. Dckt. No. 81 at 7-8; Dckt. No. 82, Exs. G, H, I. On this record, none of the seven actions listed by defendants qualify as strikes.

Based on the above, the court finds that defendants have not met their burden of showing that three strikes rule applies to plaintiff.[3] Accordingly, it is HEREBY RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status and dismiss this action, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

petition was "little more than [a] 42 U.S.C. § 1983 action[] mislabeled . . . so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)."). Defendants do not argue that this habeas action should be so construed.

[3] Defendants requested dismissal in the event the court revoked plaintiff's in forma pauperis status. Dckt. No. 81. at 5 (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). In *Dupree,* the Court of Appeals for the Eleventh Circuit concluded that when a court denies a prisoner leave to proceed in forma pauperis, "the proper procedure is . . . to dismiss the complaint without prejudice," as opposed to allowing the prisoner an opportunity to pay the filing fee. 284 F.3d at 1236. The court explained that a prisoner "cannot simply pay the filing fee after being denied in forma pauperis status" because "[h]e must pay the filing fee at the time he *initiates* the suit." *Id.* In this case, defendant Braga paid the filing fee upon removal. Defendants' reliance on *Dupree* is therefore misplaced.

1  after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
4  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
5  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
6  Dated:  August 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE